**FILED**
**U.S. District Court**
**District of Kansas**
09/22/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DANIEL L. CREGUT,**

**Petitioner,**

**v.** **CASE NO. 26-3249-JWL**

**STATE OF KANSAS[1],**

**Respondent.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Daniel L. Cregut, who is currently incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. (Doc. 1.) The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed with prejudice because it was not timely filed. In addition, Petitioner's pending motions (Docs. 3, 4, and 5) will be denied.

**Background**

In 2014, a jury in Shawnee County, Kansas convicted Petitioner of one count of attempted first-degree murder, two counts of attempted second-degree murder, three counts of aggravated assault with a deadly weapon, two counts of aggravated burglary, and one count each of aggravated

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Dan Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

criminal threat, criminal threat, kidnapping, stalking, violation of a protective order, and criminal damage to property. (Doc. 1, p. 1-2); *see also State v. Cregut*, 2017 WL 2834851, *1, 12 (June 30, 2017) (unpublished) (*Cregut I*), *rev. denied* 307 Kan. 989 (Dec. 22, 2017). The following year, the state district court sentenced Petitioner to a controlling term of 308 months in prison. (Doc. 1, p. 1.) Petitioner appealed, and in June 2017, the Kansas Court of Appeals ("KCOA") reversed the conviction of aggravated criminal threat but affirmed the remaining convictions and sentence. *See Cregut I*, 2017 WL 2834851 at *1, 12. The Kansas Supreme Court ("KSC") denied the subsequent petition for review in December 2017. Petitioner advises that he did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

In 2019, Petitioner filed a motion in state district court seeking relief under K.S.A. 60-1507. *Id.* at 3. The state district court denied the motion in June 2019 and Petitioner timely filed a notice of appeal the following month, but does not appear to have ever docketed his appeal. *See Cregut v. Schnurr*, 2020 WL 3892958, *1 (D. Kan. July 10, 2020) (unpublished memorandum and order) (*Cregut II*). In January 2020, Petitioner filed in this Court a petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See id.*

The federal habeas case was assigned to United States Senior District Judge Sam A. Crow, who reviewed the petition and in July 2020 issued a memorandum and order noting that although Petitioner timely filed a notice of appeal from the denial of his K.S.A. 60-1507 motion, it did not appear that Petitioner had ever filed a docketing statement in the KCOA, so the appeal "has not proceeded." *See Cregut II*, 2020 WL 3892958 at *1. Judge Crow granted Petitioner 30 days to move the state appellate court for leave to file his docketing statement out of time "if he wishes to proceed in that appeal" and to file a status report in this Court. *Id.*

When the deadline for the status report passed with no response, Judge Crow's independent

review of the online records of the state district courts revealed that Petitioner had "filed a motion to withdraw the action under 60-1507. *See Cregut v. Schnurr*, 2020 WL 4731963, *1 (D. Kan. Aug. 24, 2020) (unpublished memorandum and order to show cause). Judge Crow reviewed the federal habeas petition and concluded that the three grounds for relief presented therein had not been exhausted because Petitioner had not yet raised them to the state appellate courts. *Id.* at *1. Therefore, Judge Crow granted Petitioner time to (1) file an amended petition with only properly exhausted grounds for relief or (2) show that an exception to the exhaustion requirement applied. *Id.* at *1-2. Instead, on August 31, 2020, Petitioner filed in this Court a motion to withdraw his petition for federal writ of habeas corpus so that he could exhaust his claims in state court. *Cregut v. Schnurr*, Case No. 20-cv-3025-SAC, Doc. 7. Judge Crow granted the motion the following day and dismissed the federal habeas case without prejudice. *Id.* at Doc. 8.

The information now before this Court does not reflect Petitioner's actions directly after Judge Crow granted the request to dismiss the first federal habeas case. In 2021, however, Petitioner filed a second K.S.A. 60-1507 motion in state district court, which was denied. *See Cregut v. State*, 2025 WL 1419588, *3 (Kan. Ct. App. May 16, 2025) (unpublished) (*Cregut III*). The state district court also denied a third K.S.A. 60-1507 motion Petitioner filed in 2023. Petitioner appealed the denial of the third K.S.A. 60-1507 motion, but in May 2025, the KCOA affirmed the denial. *Id.* at *1. On July 22, 2026, Petitioner filed in this Court the petition that began this current federal habeas case, along with several motions. (Docs. 1, 2, 3, 4, and 5.) He paid the filing fee on September 14, 2026.

**Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his petition. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**Analysis**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Nothing in the petition persuasively suggests that another subsection of the statute applies to control the date on which the one-year limitation period began. In his "Motion to File En Banc and Brief Instanter," Petitioner states that his "State appeal on case 2014-CR-1195" was denied in June

2025 and he attempted to e-file his federal habeas petition the following month. (Doc. 4, p. 1.) He repeats these assertions in his "Motion for En Banc and Rehearing." (Doc. 5, p. 1.)

It appears from Petitioner's current filings that he may believe that his motions under K.S.A. 60-1507 were part of his direct appeal or that his convictions were not "final" for purposes of the federal habeas statute of limitations until his third K.S.A. 60-1507 was final. Unfortunately, that is an inaccurate understanding under both state and federal law. The Kansas state courts do not consider K.S.A. 60-1507 motions part of a direct appeal. *See Overton v. State*, 2015 WL 1636732, *2, 346 P.3d 341 (Kan. Ct. App. 2015) (unpublished opinion) (rejecting argument that construed a K.S.A. 60-1507 proceeding as a direct appeal of the criminal conviction), *rev. denied* Oct. 7, 2015; Kan. Sup. Ct. R. 183(c)(3) ("A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal . . . ."). And federal courts do not calculate the federal habeas statute of limitations by allowing one year from the date of the most recent state-court decision relating to the convictions at issue.

The United States Supreme Court has held that direct review concludes—making a judgment "final" and starting the one-year federal habeas statute of limitations—when an individual has exhausted the opportunity for direct appeal to the state courts and the opportunity to request review—by filing a petition for writ of certiorari—in the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The KSC denied the petition for review in Petitioner's direct appeal on December 22, 2017. The Rules of the Supreme Court of the United States allow petitioners ninety days from the date of entry of judgment in highest state court to seek certiorari. Sup. Ct. R. 13(1). Thus, the last day on which Petitioner could have filed a petition for writ of certiorari was March 22, 2018, but Petitioner did not do so.

The Tenth Circuit has explained that "if a prisoner does not file a petition for writ of

certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003); *see also Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (finding that federal habeas petitioner's "conviction became final . . . when the ninety-day time period for filing a certiorari petition with the United States Supreme Court expired"). Accordingly, Petitioner's conviction became final for purposes of the federal habeas statute of limitations on March 22, 2018. The next day, the one-year AEDPA limitation period began to run.

Unless the year was tolled—or paused—for some reason, the last day for Petitioner to timely file a 28 U.S.C. § 2254 petition was March 22, 2019. *See Longoria v. Falk*, 569 F. App'x 580, 581 (10th Cir. 2014) (unpublished) ("[I]n the absence of tolling the applicant's last day to file a § 2254 application under AEDPA is the anniversary of when the judgment became final.").

The AEDPA statute of limitations also includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The petition currently before this Court advises that Petitioner filed his first K.S.A. 60-1507 motion on June 26, 2019, more than 3 months after the last day to timely file his federal habeas petition. (*See* Doc. 1, p. 3.) If this is accurate, Petitioner is not entitled to statutory tolling. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations. [Citations omitted.]").

Judge Crow's order in Petitioner's previous federal habeas case, however, stated that Petitioner filed his first K.S.A. 60-1507 motion on January 14, 2019. *Cregut II*, 2020 WL 3892958

at *1. This Court has confirmed that the available online records of the Kansas state district courts reflect the same. *See Cregut v. State*, Case No. 2019-CV-00026, available at https://casesearch.kscourts.gov. If Petitioner filed his first K.S.A. 60-1507 motion on January 14, 2019, he filed it during the one-year federal habeas statute of limitations and it tolled the time to file a federal habeas petition. The Court will adopt this understanding of the timeline.

The Tenth Circuit has explained that when statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)). It appears that Petitioner's first K.S.A. 60-1507 case was pending until July 27, 2020 at the latest. *See Cregut*, 2020 WL 4731963, at *1 ("[O]n July 27, 2020, petitioner filed a motion to withdraw the action under K.S.A. 60-1507."). Thus, the first K.S.A. 60-1507 motion was pending for approximately 560 days. When those days are added to the original one-year anniversary date of March 22, 2019, it gives the new filing deadline for Petitioner's 28 U.S.C. § 2254 petition: October 2, 2020.

Although Petitioner filed a second K.S.A. 60-1507 motion, he did not file it until 2021. *See Cregut IV*, 2025 WL 1419588 at *3. Therefore, he is not entitled to statutory tolling based on the second K.S.A. 60-1507 motion or his third K.S.A. 60-1507 motion, filed in 2023. *See Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Moreover, the fact that Petitioner pursued a previous federal habeas case in this Court does not affect the analysis. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that the AEDPA limitation period is not statutorily tolled while a federal habeas action is pending).

Petitioner did not file this petition for federal habeas relief under 28 U.S.C. § 2254 until 2026. (Doc. 1.) Therefore, even accounting for statutory tolling, Petitioner filed his federal habeas petition more than 5 years after the expiration of the AEDPA statute of limitations. Petitioner will be granted time, however, in which to identify any additional statutory tolling he believes applies or to correct the relevant dates if the Court has incorrectly set them forth in this order.

In addition, the federal habeas one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

In his "Motion for Late Filing Out of Time" and his "Motion to File En Banc and Brief Instanter," Petitioner asserts that in July 2025, he gave his federal habeas petition to prison officials for e-filing in this Court and prison officials told him the following day that it had been e-filed. (Docs. 3 and 4.) Petitioner did not learn until 12 months later that this Court had not received or filed the petition, at which time he resubmitted it as soon as possible. *Id.* In his "Motion for En Banc and Rehearing," Petitioner explains that his state-court-appointed counsel in 2025 refused to perfect and file a petition for review of the KCOA's opinion in his third K.S.A. 60-1507 proceeding. (Doc. 5.) He also gives further explanations for the delay in submitting his federal habeas petition and related filings. *Id.* Petitioner asserts that these are uncontrollable

circumstances beyond his control and asks this Court to excuse the untimely filing. *Id.* Liberally construing these arguments, Petitioner seeks equitable tolling.

Even taking all of Petitioner's factual assertions as true, they do not provide equitable tolling that would make the petition now before this Court timely. Simply put, the federal habeas statute of limitations expired in October 2020, as explained above. All of the events upon which Petitioner depends to show circumstances beyond his control and his diligent efforts to file a federal habeas petition occurred in 2025, so they do not toll a time period that expired in 2020. Even liberally construing the petition, nothing therein alleges circumstances that justify equitable tolling of the statute of limitations in this matter. Petitioner will be granted time to show that extraordinary circumstances beyond his control prevented him from timely filing this federal habeas petition on or before October 2, 2020 and prevented him from filing it until July 2026. Petitioner must also demonstrate that he was diligently pursuing his claims during any and all time he seeks to equitably toll the federal habeas statute of limitations. To be clear, Petitioner must assert circumstances justifying equitable tolling for the entire time he wishes the AEDPA statute of limitations to be equitably tolled.

Finally, an exception to the one-year time limitation exists where a petitioner adequately asserts his actual innocence. "[A]ctual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). It is not an independent basis for federal habeas relief but a gateway through which a petitioner may obtain merits review of, as in this case, untimely claims.

Petitioner is not required to conclusively exonerate himself in order to pass through the actual innocence gateway. In order to pass through the actual innocence gateway, he must provide

this Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021).

In addition to providing the Court with new, reliable evidence—meaning reliable evidence that was not presented at his trial—he also must "demonstrate 'that more likely than not any reasonable juror would have reasonable doubt'" about his guilt in light of the new, reliable evidence. *See Fontenot*, 4 F.4th at 1030 (quoting *House v. Bell*, 547 U.S. 518, 538, 553 (2006)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Assertions of legal insufficiencies will not open the actual innocence gateway.[2]

In other words, the actual innocence gateway will open—allowing this Court to consider the merits of the untimely grounds for federal habeas relief—only if Petitioner presents to this Court reliable evidence that was not presented at his trial and which, when considered with all of the other relevant evidence, makes it more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crimes of which he was convicted. This is a high bar, in recognition of the Tenth Circuit's explanation that

> tenable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the

[2] Petitioner argues in his petition that he "is actually innocent of attempted first degree murder and two counts of attempted second degree murder but due to ineffective assistance of trial counsel and direct appeal counsel who both deliberately refused to argue that there was not a reasonable foreseeable consequence of attempted voluntary manslaughter, incompleted-involuntary manslaughter, and voluntary intoxication." (Doc. 1, p. 25 (all errors in original).) This argument is difficult to understand, in part because it appears to apply some state-law standards; it may initially have been written for use in Petitioner's K.S.A. 60-1507 motions. Petitioner clearly attempts, however, to "present[] colorable actual innocence." *Id.* Thus, to the extent that Petitioner wishes the Court to consider this argument as seeking to pass through the federal actual innocence gateway and avoid the bar of untimeliness, he must restate the argument in his response to this order to show cause. He is cautioned that arguments of legal defects in his convictions do not constitute "new evidence" that will support a colorable claim of actual innocence.

court is also satisfied that the trial was free of nonharmless constitutional error.

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted). Petitioner will be granted time to demonstrate that he should be allowed through the actual innocence gateway.

**Conclusion**

As explained above, the petition that began this case does not appear to have been timely filed. Because the timeliness arguments made in Petitioner's pending motions (Docs. 3, 4, and 5) do not persuade the Court to overlook the untimely nature of the petition, the motions will be denied and the Court will direct Petitioner to show cause in a single written response to this order why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will resume the Rule 4 review and issue further orders as necessary. If Petitioner fails to timely respond to this order or if his response does not show sufficient statutory or equitable tolling or circumstances that justify allowing him through the actual innocence gateway, this matter will be dismissed with prejudice as untimely without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Dan Schnurr, Warden of Hutchinson Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner's motions (Docs. 3, 4, and 5) are denied.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **October 23, 2026**, in which to show cause, in a single written response to this order, why this matter should not be dismissed as untimely filed.

**IT IS SO ORDERED.**

DATED: This 22nd day of September, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge