FILED
U.S. District Court
District of Kansas
11/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DANIEL L. CREGUT,**

**Petitioner,**

**v.** **CASE NO. 26-3249-JWL**

**DAN SCHNURR,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on July 22, 2026 by Petitioner and Kansas state prisoner Daniel L. Cregut, who is currently incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. (Doc. 1.) The Court conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, on September 22, 2026, issued a memorandum and order to show cause ("MOSC"). (Doc. 10.) The MOSC explained that it appeared the statute of limitations for filing a federal habeas action expired in October 2020, over 5 years before Petitioner began this case. *Id.* at 4-9. It set forth the circumstances under which equitable tolling of the statute of limitations might be available and how Petitioner might avoid the statute of limitations by making a colorable claim of actual innocence. *Id.* at 9-11. Petitioner was granted time to show cause why this case should not be dismissed as untimely filed. *Id.* at 11.

This case comes now before the Court on Petitioner's response to the MOSC, which he timely filed on October 21, 2026. (Doc. 13.) In the response, Petitioner asserts that he is entitled to equitable tolling and to benefit from the actual innocence exception to the statute of limitations.

*Id.* at 1-6.[1] For the reasons explained below, the Court is unpersuaded and will dismiss this case with prejudice[2] because it was not timely filed.

**Background**

In 2014, a jury in Shawnee County, Kansas convicted Petitioner of one count of attempted first-degree murder, two counts of attempted second-degree murder, three counts of aggravated assault with a deadly weapon, two counts of aggravated burglary, and one count each of aggravated criminal threat, criminal threat, kidnapping, stalking, violation of a protective order, and criminal damage to property. (Doc. 1, p. 1-2); *see also State v. Cregut*, 2017 WL 2834851, *1, 12 (June 30, 2017) (unpublished) (*Cregut I*), *rev. denied* 307 Kan. 989 (Dec. 22, 2017). The following year, the state district court sentenced Petitioner to a controlling term of 308 months in prison. (Doc. 1, p. 1.) Petitioner pursued a direct appeal, during which the Kansas Court of Appeals ("KCOA") reversed the conviction of aggravated criminal threat but affirmed the remaining convictions and sentence. *See Cregut I*, 2017 WL 2834851 at *1, 12. The Kansas Supreme Court ("KSC") denied the subsequent petition for review in December 2017.

In 2019, Petitioner filed a motion in state district court seeking relief under K.S.A. 60-1507. *Id.* at 3. The state district court denied the motion in June 2019 and Petitioner timely filed a notice of appeal the following month, but does not appear to have ever docketed his appeal. *See Cregut v. Schnurr*, 2020 WL 3892958, *1 (D. Kan. July 10, 2020) (unpublished memorandum and

---

[1] Petitioner also includes in his response a short argument on why certain claims in his petition should not be dismissed as procedurally defaulted. (Doc. 13, p. 6.) The Court does not address those arguments in this order, because the conclusion that this matter was untimely filed renders them moot.

[2] Petitioner asks that if the Court concludes the petition was not timely filed, it dismiss the case without prejudice so he may refile. (Doc. 13, p. 6.) Dismissals of § 2254 petitions as untimely are with prejudice, so the Court cannot grant this request. *See*, *e.g.*, *Navarette v. Horton*, 2023 WL 1773856, at *2 (10th Cir. Feb. 6, 2023) (unpublished) ("[O]ne cannot reasonably debate the correctness of the district court's conclusion that it is entire proper to dismiss with prejudice an untimely § 2254 petition . . . ."); *McDowell v. Zavaras*, 417 F. App'x 755, 757 (10th Cir. Mar. 28, 2011) (unpublished) (collecting cases and holding that a dismissal of a § 2254 petition as untimely filed "is on the merits, and a subsequent habeas petition challenging the same conviction is second or successive").

order) (*Cregut II*). In January 2020, Petitioner filed in this Court a petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See id.* Petitioner withdrew the federal habeas petition later the same year, and the federal habeas case was dismissed without prejudice on September 1, 2020. *See Cregut v. Schnurr*, Case No. 20-cv-3025-SAC, Docs. 7 and 8.

Petitioner returned to state district court and sought relief through two additional K.S.A. 60-1507 motions. *See Cregut v. State*, 2025 WL 1419588, *1, 3 (Kan. Ct. App. May 16, 2025) (unpublished) (*Cregut III*). The KCOA affirmed the denial of the last K.S.A. 60-1507 motion in May 2025. *Id.* On July 22, 2026, Petitioner filed in this Court the petition that began this current federal habeas case. (Doc. 1.)

**Standard of Review**

As explained in the MOSC, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.A. foll. § 2254. During this initial screening phase, the Court liberally construes the petition because Petitioner proceeds pro se. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**Analysis**

The MOSC set forth the legal authority under which federal courts calculate the timeliness of federal habeas petitions brought under 28 U.S.C. § 2254. (Doc. 10, p. 4-8.) As explained in the MOSC, after applying this legal authority to the facts of Petitioner's litigation history, the Court concluded that Petitioner's federal habeas petition was due in this Court on or before October 2,

2020. *See id.* at 7. Petitioner does not dispute the Court's calculations, instead focusing on establishing that he is entitled to equitable tolling for time "before October 2, 2020 . . . until July[] 2026" or, in the alternative, that he is entitled to the actual innocence exception to the statute of limitations. (Doc. 13, p. 1.) The Court will address each point in turn.

**Equitable Tolling**

As explained in the MOSC:

> [T]he federal habeas one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).
>
> In his "Motion for Late Filing Out of Time" and his "Motion to File En Banc and Brief Instanter," Petitioner asserts that in July 2025, he gave his federal habeas petition to prison officials for e-filing in this Court and prison officials told him the following day that it had been e-filed. (Docs. 3 and 4.) Petitioner did not learn until 12 months later that this Court had not received or filed the petition, at which time he resubmitted it as soon as possible. *Id.* In his "Motion for En Banc and Rehearing," Petitioner explains that his state-court-appointed counsel in 2025 refused to perfect and file a petition for review of the KCOA's opinion in his third K.S.A. 60-1507 proceeding. (Doc. 5.) He also gives further explanations for the delay in submitting his federal habeas petition and related filings. *Id.* Petitioner asserts that these are uncontrollable circumstances beyond his control and asks this Court to excuse the untimely filing. *Id.* Liberally construing these arguments, Petitioner seeks equitable tolling.
>
> Even taking all of Petitioner's factual assertions as true, they do not provide equitable tolling that would make the petition now before this Court timely. Simply put, the federal habeas statute of limitations expired in October 2020, as explained above. All of the events upon which Petitioner depends to show circumstances beyond his control and his diligent efforts to file a federal habeas petition occurred in 2025, so they do not toll a time period that expired in 2020. Even liberally construing the petition, nothing therein alleges circumstances that justify equitable tolling of the statute of limitations in this matter. Petitioner will be granted time to

> show that extraordinary circumstances beyond his control prevented him from timely filing this federal habeas petition on or before October 2, 2020 and prevented him from filing it until July 2026. Petitioner must also demonstrate that he was diligently pursuing his claims during any and all time he seeks to equitably toll the federal habeas statute of limitations. To be clear, Petitioner must assert circumstances justifying equitable tolling for the entire time he wishes the AEDPA statute of limitations to be equitably tolled.

(Doc. 10, p. 8-9.)

In his response to the MOSC, Petitioner acknowledges the relevant legal standards and identifies three extraordinary circumstances beyond his control that he contends justify equitable tolling. (Doc. 13, p. 1, 3-5.) First, he asserts that between October 2, 2020 and July 11, 2025, he was waiting for affidavits from his sister and Julia Wilson, one of the victims of his crimes, that he claims establish his actual innocence. *Id.* at 3, *see also Cregut I*, 2017 WL 2834851, at *1. It is not clear why Petitioner needed the affidavits before he could file a federal habeas petition; the law does not require such affidavits be attached to a petition.[3] Even assuming solely for the sake of argument that Petitioner could not file his petition until he received the affidavits, Petitioner provides no details about why obtaining the affidavits took over 4 years. In the absence of this information, the Court cannot conclude that circumstances beyond Petitioner's control caused the delay in obtaining the affidavits.

Next, Petitioner points to the COVID-19 pandemic, which he asserts entitles him to equitable tolling from November 2020 through April 2023. (Doc. 13, p. 3.) He states that quarantines imposed as a result of the pandemic shut down the prison law libraries, leaving him without access to the law libraries during this time. *Id.* at 3-4. This cannot justify equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (finding general assertion of lack of access to prison law library insufficient to justify equitable tolling); *Donald v. Pruitt*, 853 F. App'x 230,

---

[3] Indeed, although Petitioner attached a purported affidavit from Ms. Wilson to his petition (*see* Doc. 1, p. 90), he did not attach an affidavit from his sister.

234 (10th Cir. 2021) (unpublished) ("[Petitioner] is not entitled to equitable tolling based on his allegedly limited access to the law library in the wake of COVID-19."); *Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002) (unpublished) ("[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling."). And, even if it did, the statute of limitations still would have expired well before Petitioner first attempted to file the petition that began this case.

Third, Petitioner seeks equitable tolling based on the fact that he initially gave the federal habeas petition to his Unit Team Officer on July 11, 2025 for electronic filing and—despite the officer confirming to Petitioner it had been filed—it was not electronically filed at that time. (Doc. 13, p. 4-5.) The MOSC addressed this argument, as seen in the language quoted above. The Court maintains its prior conclusion that even assuming that this set of circumstances justified equitable tolling, it would not save Petitioner's current case from being dismissed as untimely. Petitioner did not give his petition to prison staff for filing until July 2025 and the statute of limitations for filing the petition expired in 2020. Therefore, Petitioner has not shown he is entitled to equitable tolling of the federal habeas statute of limitations.

**Actual Innocence**

As explained in the MOSC:

> "[A]ctual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). It is not an independent basis for federal habeas relief but a gateway through which a petitioner may obtain merits review of, as in this case, untimely claims.
>
> Petitioner is not required to conclusively exonerate himself in order to pass through the actual innocence gateway. In order to pass through the actual innocence gateway, he must provide this Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S.

> 298, 324 (1995). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021).
>
> In addition to providing the Court with new, reliable evidence—meaning reliable evidence that was not presented at his trial—he also must "demonstrate 'that more likely than not any reasonable juror would have reasonable doubt'" about his guilt in light of the new, reliable evidence. *See Fontenot*, 4 F.4th at 1030 (quoting *House v. Bell*, 547 U.S. 518, 538, 553 (2006)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Assertions of legal insufficiencies will not open the actual innocence gateway.
>
> In other words, the actual innocence gateway will open—allowing this Court to consider the merits of the untimely grounds for federal habeas relief—only if Petitioner presents to this Court reliable evidence that was not presented at his trial and which, when considered with all of the other relevant evidence, makes it more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crimes of which he was convicted. This is a high bar, in recognition of the Tenth Circuit's explanation that
>
>> tenable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.
>
> *Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

(Doc. 10, p. 9-11 (footnote omitted).)

To support his assertion of actual innocence, Petitioner states that the State's "primary" witness, Ms. Wilson, "has changed her statement/testimony stating that not only is the petitioner actually innocent of attempted first degree murder, but also points out the petitioner's factual innocence which was first stated during trial, and later in the petitioner's 3rd Federal Habeas 2254." (Doc. 13, p. 2 (all errors in original).) Petitioner explains that Ms. Wilson now states that Petitioner's behavior and actions during the time of the events that led to his convictions were "not the actions/behavior of a monster killer attempting to plan out and kill his girlfriend." *Id.* He further

asserts that Ms. Wilson told Petitioner's sister that Petitioner's drug and alcohol use played a significant role in the events and that Petitioner "was not trying or attempting to try to kill anyone." *Id.* Petitioner explains that "[t]he rest of [his] actual innocence argument is listed in the Actual Innocence of Attempted First Degree Murder Grounds listed in [his] 3rd Habeas Corpus 2254" and he asserts that affidavits from Ms. Wilson and Petitioner's sister are new, reliable evidence that, had they been admitted at trial, make it more likely than not that any reasonable juror would have had reasonable doubt about Petitioner's guilt. *Id.*

First, the Court notes that Petitioner has not filed a third federal habeas petition; the current case is his second attempt at federal habeas relief. Portions of the petition that began this case include arguments regarding Petitioner's actual innocence, but the Court expressly stated in the MOSC:

> Petitioner argues in his petition that he "is actually innocent of attempted first degree murder and two counts of attempted second degree murder but due to ineffective assistance of trial counsel and direct appeal counsel who both deliberately refused to argue that there was not a reasonable foreseeable consequence of attempted voluntary manslaughter, incompleted-involuntary manslaughter, and voluntary intoxication." (Doc. 1, p. 25 (all errors in original).) This argument is difficult to understand, in part because it appears to apply some state-law standards; it may initially have been written for use in Petitioner's K.S.A. 60-1507 motions. Petitioner clearly attempts, however, to "present[] colorable actual innocence." *Id.* Thus, to the extent that Petitioner wishes the Court to consider this argument as seeking to pass through the federal actual innocence gateway and avoid the bar of untimeliness, he must restate the argument in his response to this order to show cause. He is cautioned that arguments of legal defects in his convictions do not constitute "new evidence" that will support a colorable claim of actual innocence.

(Doc. 10, p. 10 n.2.)

With his petition, Petitioner submitted a one page document titled "Exhibit Two"[4] that purports to be an affidavit from Julia Wilson. (Doc. 1, p. 90.) It is not signed or notarized. *Id.* To

[4] The petition does not include an "Exhibit One."

the extent that the information in the affidavit differs from Ms. Wilson's trial testimony, it could be considered new evidence. *See Taylor*, 7 F.4th at 927 ("holding that "new" evidence means simply "evidence that was not considered by the fact-finder in the original proceedings"). As noted in the MOSC, however, the new evidence also must be reliable.

Importantly, the purported affidavit from Ms. Wilson is unsigned and unnotarized. And Petitioner has not provided this Court with an affidavit from his sister. Generally speaking, unsworn and unsigned affidavits are not considered reliable. *See Blacklock v. Schnurr*, 2024 WL 3826120, at *5 (D. Kan. Aug. 15, 2024) (unpublished) (concluding that signed but unnotarized statement was unreliable); *Scott v. Bridges*, 2023 WL 5016642, at *11 (E.D. Okla. Aug. 7, 2023) (unpublished) (finding unreliable an unsworn letter from the petitioner's son and documents referred to but not presented to the court). The Court concludes that Petitioner has failed to provide reliable evidence to support his actual innocence claim.

**Conclusion**

The petition that began this case was not timely filed and Petitioner's response to the MOSC fails to show entitlement to sufficient equitable tolling or that Petitioner should be allowed to utilize the actual innocence exception to the federal habeas statute of limitations. Accordingly, the Court must dismiss this matter with prejudice.

**Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should

> issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed with prejudice as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 2nd day of November, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge